# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD SCHICKER,<br><br>        Plaintiff,<br><br>v.<br><br>LINCOLN FINANCIAL GROUP,<br><br>        Defendant. | Case No. 8:19-cv-295<br><br>(District Court of<br>Douglas County, Nebraska,<br>Case No. CI 19-3752)<br><br>**NOTICE OF REMOVAL** |

To:    Richard Schicker, Plaintiff, and the Clerk of the United States District Court for the District of Nebraska.

Defendant, Lincoln Financial Group ("Lincoln"), gives notice of the removal of the above-captioned action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. In support of this notice, Lincoln states and alleges as follows:

1. Plaintiff filed the above-captioned action on May 9, 2019, in the District Court of Douglas County, Nebraska, Case No. CI 19-3752. Lincoln first received a copy of the Complaint by certified mail no earlier than June 5, 2019. Accordingly, this Notice of Removal is filed pursuant to 28 U.S.C. § 1446 within 30 days of Lincoln's first receipt of the Complaint.

2. In the Complaint, Plaintiff seeks an award of attorney fees and costs in connection with a claim for life insurance benefits arising from and related to an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

3. At all times relevant, Plaintiff's former alleged client, Brandi Cady, was the

spouse of the decedent Jessi Cady, who was employed by Blue Sky Satellite Services, Inc. ("Blue Sky"). As an employee of Blue Sky, Jessi Cadi was eligible to, and did, participate in a voluntary group life insurance plan offered by his employer (the "Plan") and insured by Lincoln National Life Insurance Company. A true and correct copy of the applicable Certificate of Insurance is attached and incorporated as Exhibit 1.

3. The Plan is an employee welfare benefit plan, established and maintained by Blue Sky. Brandi Cadi's entitlement to life insurance benefits as beneficiary arose from her husband's participation in the Plan.

4. This Court has original jurisdiction over the issues presented in the Complaint pursuant to 28 U.S.C. § 1331, because Plaintiff's claims, if any, are governed by and/or completely and expressly preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. This action is brought to recover attorney fees and costs allegedly due in connection with legal services provided to a Plan beneficiary in connection with a claim for benefits allegedly due under the Plan. ERISA completely preempts such claims, which are within the scope of ERISA's civil enforcement provisions. *See* 29 U.S.C. §1144(a). ERISA's enforcement scheme includes an express remedy governing an award of attorney fees and costs to a Plan beneficiary, 29 U.S.C. § 1132(g), and Plaintiff's inconsistent state law claims are therefore completely preempted, providing grounds for both removal and the exercise of subject matter jurisdiction by this Court.

5. In the alternative, this Court has original jurisdiction over the issues presented in the Complaint pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1332. The parties are citizens of different states, and are not citizens of the same state.

The Plaintiff is a citizen of the State of Nebraska. The Defendant Lincoln Financial Group is the marketing name for Lincoln National Corporation, a corporation organized and existing pursuant to laws of the State of Indiana, with its principal place of business in Radnor, Pennsylvania. The group policy which was the subject of the benefit claim was issued by a subsidiary of Lincoln National Corporation, Lincoln National Life Insurance Company, a corporation also organized and existing pursuant to laws of the State of Indiana, with its principal place of business in Radnor, Pennsylvania. The Complaint seeks judgment for forty percent of the $200,000 life insurance proceeds paid to Brandi Cady, plus costs, interest and other relief. Accordingly, without admitting or acknowledging the scope or extent of Plaintiff's claim, the allegations of the Complaint serve to place at issue an amount in controversy in this action, exclusive of interest and costs, exceeding the sum of $75,000.

3. True and correct copies of all process, pleadings, and orders served upon Lincoln in the state action are attached and incorporated by this reference as Exhibit 2.

4. A true and correct copy of the Notice of Removal that has been mailed for filing with the Clerk of the District Court of Douglas County, Nebraska, is attached and incorporated by reference as Exhibit 3.

WHEREFORE, Lincoln respectfully provides notice of the removal of this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska, and prays for such further relief as this Court finds appropriate.

## REQUEST FOR PLACE OF TRIAL

Lincoln respectfully requests that the trial of this action be held in Omaha, Nebraska.

Dated this 3rd day of July, 2019.

                LINCOLN FINANCIAL GROUP, Defendant.

By:   s/Steven D. Davidson
       Steven D. Davidson (#18684)
of:   BAIRD HOLM LLP
       1500 Woodmen Tower
       Omaha, Nebraska 68102
       (402) 344-0500
       Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2016, a true and correct copy of the foregoing was sent by United States mail, first-class postage prepaid, to the following:

Richard Schicker
2809 South 160th Street
Omaha, NE 68130

                s/Steven D. Davidson

DOCS/2300594.1